ROBERTS *v.* CONGREGATION SHAAREY ZEDEK.

1. EVIDENCE — PAROL EVIDENCE INADMISSIBLE TO VARY WRITTEN BUILDING RESTRICTIONS.

   Where building restrictions have been deliberately put in writing, in plain and unambiguous terms, they are so conclusively presumed to contain the whole agreement between the parties that parol evidence is inadmissible to contradict or vary their terms, and witnesses may not be permitted to speculate on omitted but unexpressed intentions of the parties.

2. COVENANTS—EVIDENCE—CONSTRUCTION OF UNAMBIGUOUS WRITTEN BUILDING RESTRICTIONS FOR COURT.

   The construction of unambiguous written building restrictions is a matter of law for the court.

3. SAME—JEWISH SYNAGOGUE.

   Building restrictions providing that any building erected on the subdivision should be 15 feet from the front line, not less than one and one-half stories, with 14-foot posts in height, and cost at least $2,500, and that no shanties or sheds should be erected for dwelling purposes, were not violated by the erection of a Jewish synagogue with a seating capacity of approximately 2,000 people.

Appeal from Wayne; Warner (Glenn E.), J., presiding. Submitted January 28, 1928; resubmitted March 27, 1928. (Docket No. 99.) Decided April 3, 1928.

Bill by Arthur E. Roberts and others against the Congregation Shaarey Zedek and others to enjoin the alleged violation of building restrictions. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Carl B. Grawn* and *G. Leslie Field,* for plaintiffs.

*Friedman, Meyers & Keys,* for defendants.

[1]Evidence, 22 C. J. § 1459; [2]Covenants, 15 C. J. § 252; [3]Deeds, 18 C. J. § 450; 7 R. C. L. 1115; 4 R. C. L. Supp. 511; 6 R. C. L. Supp. 477.

POTTER, J.   Plaintiffs, owners of lots in Dexter Boulevard Heights subdivision in Detroit, seek to restrain the defendant, an incorporated orthodox Jewish Congregation, from erecting a synagogue on property in the subdivision.   Plaintiffs claim all of the property in the subdivision is restricted to use for dwelling purposes; that the erection of this synagogue with a seating capacity of approximately 2,000 people will violate the building restrictions applicable to the entire subdivision, and constitute such an infringement of plaintiffs' rights as to entitle them to enjoin its erection. The applicable building restriction alleged in the bill of complaint, admitted by the answer and proven by the testimony, is:

"Any building erected upon said property shall be fifteen feet from the front line of said property and not less than one and one-half stories with fourteen foot posts in height, and cost at least $2,500, and no shanties or sheds shall be erected upon said premises to be used for dwelling purposes."

There was decree for defendants and plaintiffs appeal.

Plaintiffs introduced testimony, subject to objection, tending to show that the erection of the synagogue would diminish the value of the adjacent property; that some of the purchasers of property in the subdivision bought with the idea that its use was restricted to residential purposes.   It is not disputed that the restrictive clause in the deeds affecting this property was prepared by Mr. A. C. Stellwagen, an able lawyer, and no doubt its language defined with precision the intention of the grantor.

Defendants purchased the property in this subdivision which it is proposed to use as the site for the erection of the synagogue, subject to the restriction above quoted, and the sole question is whether defendants will, by building the contemplated structure upon

their own property, violate the building restriction affecting it.

Restrictions on the use of real property ought not to rest in parol. Where building restrictions have been deliberately put in writing, in plain and unambiguous terms, they are so conclusively presumed to contain the whole agreement between the parties that parol evidence is inadmissible to contradict or vary their terms. *Adair* v. *Adair*, 5 Mich. 204 (71 Am. Dec. 779). Witnesses cannot be permitted to speculate on omitted but unexpressed intentions of the parties. *Tompkins* v. *Gardner & Spry Co.*, 69 Mich. 58. The construction of such restrictions is a matter of law for the court. *Johnson* v. *Cranage*, 45 Mich. 14. There is nothing in the language of the restriction relied upon which prevents the erection by defendants of the proposed building.

The decree is affirmed, with costs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.