1. A restriction in a deed that "the above property is sold for residence purposes only" does not prohibit the erection of an apartment house to be used for residence purposes only.
2. The Board of Zoning Appeals of Fulton County has no authority to grant permission for the erection of an apartment house on property that has been zoned for residence purposes only.
 Nos. 15349, 15350. JANUARY 15, 1946. REHEARING DENIED FEBRUARY 21, 1946.
Miss Catharine Brown and seventeen others filed suit against Dun Lewenstein and Mrs. R. S. Lewenstein. The petition alleged that all the plaintiffs are property owners of the Peachtree Hills Place subdivision; that this subdivision was restricted to residences only by a provision contained in the deed to the property, and also by a general scheme or plan of development of the subdivision; that the zoning regulations of Fulton County restricted this property to residences only; that the defendants, in violation *Page 434 
of these restrictions, were attempting to erect an apartment house on property located in the subdivision. The prayer was for an injunction. The defendants answered, denying the material allegations of the petition, and contending that they had a permit from the proper authorities for the construction of the apartment house, and that the building of the apartment house was not in violation of any restriction either in the deeds or zoning regulations.
Upon the hearing the evidence disclosed that there are now no apartment houses located in this subdivision; that the defendants were preparing to erect an apartment house to be used for residence purposes only on vacant lots owned by them in Peachtree Hills Place subdivision. The evidence was in sharp conflict as to the effect the erection of the proposed apartment house would have on other property located in the subdivision as single-unit residences. The evidence further disclosed that on November 17, 1941, M. Solloway made application to the building inspector of Fulton County for a building permit to erect an apartment house on the property now owned by the defendants. The building inspector on the same date denied the permit on the ground that the property had been zoned for residence purposes only. This decision of the building inspector was on the same date made the subject of an appeal to the Board of Zoning Appeals of Fulton County. On December 11, 1941, the appeal was "approved," with certain "restrictions" as to the manner in which the apartment house should be erected. On January 27, 1942, M. Solloway "surrendered the permit, had the same canceled out." On July 18, 1945, the building inspector of Fulton County issued a permit to the defendant, Dun Lewenstein, for the erection of an apartment house on the property now in question.
A zoning ordinance for unincorporated areas of Fulton County, adopted by the Board of Commissioners of Roads and Revenues of Fulton County on June 16, 1939, was introduced in evidence. This ordinance, so far as here material, reads as follows:
"Section 1. All portions of Fulton County lying outside the limits of incorporated areas as now established by law are hereby zoned or districted into zones or districts as follows: Industrial districts, with territory defined and uses limited as set forth in section 2 of this ordinance. Commercial districts, with territory *Page 435 
defined and uses limited as set forth in section 3 of this ordinance. Apartment districts, with territory defined and uses limited as set forth in section 4 of this ordinance. Residential districts, with territory defined and uses limited as set forth in section 5 of this ordinance.
"Section 2. Industrial districts and their uses. Industrial districts shall include: (a) All property in said county outside of incorporated areas now occupied or used for purposes of manufacturing industry, or for the storage in bulk of materials or appurtenances, or for airports or other transportation facilities. Such industrial districts shall also include all properties now owned in the name of any manufacturer, warehouseman, or persons engaged in the business of storage or transportation, and all properties now owned in the name of any firm or corporation engaged in either of said four lines of industry or in the name of any officer thereof and which has been held prior to the adoption of this ordinance for the intended expansion of the activities or use of the business formerly conducted by such person, firm, or corporation. (b) Such industrial districts shall also include any properties outside the limits of incorporated areas whose occupancy or use is comparable in character with any of the uses described in subsection (a) above, provided the inclusion of such property in an industrial district is found by the Board of Zoning Appeals after a hearing to be more conducive to the purposes declared in the preamble of this act when used for industrial purposes than for the purpose to which it is otherwise limited by the terms of this act.
"Section 3. Commercial districts and their uses. Commercial districts shall include: (a) All properties in said county outside the limits of incorporated areas now occupied or used for commercial purposes, including stores, offices, gasoline filling stations, and other buildings, or properties devoted to the sale of goods or services. Where any parcel of land is occupied or used in part for commercial purposes as defined in this subsection, only the part so occupied or used at the time of passage of this resolution shall be construed to be included within a commercial district. (b) Any property lying adjacent to a commercial district as herein defined, but not more than fifty feet therefrom, or any property lying directly across a street or highway from a commercial district may be included within a commercial district by permission of the Board *Page 436 
of Zoning Appeals hereinafter created whenever, in the opinion of such board, after a hearing, the intended use of such other property proposed to be erected or altered thereon will be in keeping with the character of a commercial district as herein defined and will when so used better serve the purposes of this act as defined in the preamble hereto.
"Section 4. Apartment districts and their uses. Apartment districts shall include: All those areas heretofore zoned for apartment purposes by the Board of Commissioners of Roads and Revenues of Fulton County, which apartment districts are to be used only for apartments, apartments being defined to be dwellings for three or more families, living independently of each other and doing their cooking upon the premises.
"Section 5. Residential districts and their uses. Residential districts shall include: All areas formerly zoned by the Board of Commissioners of Roads and Revenues of Fulton County for residential purposes and also all properties now occupied or used for residential purposes, and including churches, schools, agriculture, nurseries, clubs, hunting preserves, parks, and all buildings and uses of buildings and land incidental thereto, but exclusive of buildings, structures, and uses of buildings and lands included in the districts set forth as sections 2, 3, and 4 above. All vacant or unused land or buildings not included within the boundaries of an industrial, commercial, or apartment district as defined above shall be construed to be within the boundaries of a residential district. . .
"Section 6. Territory formerly zoned. All territory which has been formerly zoned by the Board of Commissioners of Roads and Revenues of Fulton County for any purpose or by action of said board restricted as to use shall remain so zoned or restricted except as same may be hereafter rezoned, or except as variances may be permitted by judgment of the Board of Zoning Appeals in the same manner as other territory in the county and as provided by this ordinance and by law.
"Section 7. Authority of Board of Zoning Appeals in cases of doubt. Be it further resolved that whenever there is doubt as to the proper district classification of any property or use of land, such matter may be brought by either party before the Board of Zoning Appeals herein created and such board shall, after a hearing, determine *Page 437 
the matter in controversy by a judgment based on the evidence introduced before the Board of Zoning Appeals.
"Section 8. Uses permitted in industrial districts. Be it further resolved that in an industrial district land may be occupied or used and buildings and structures may be erected or altered for any purpose which is not obnoxious or dangerous to surrounding properties or which would not constitute nor involve a menace or detriment to the health or welfare of the residences of such district or persons doing business therein.
"Section 9. Uses permitted in commercial districts. Be it further resolved that in a commercial district no building or structures shall be erected or altered, nor shall any buildings, structures, or lands be used except for one or more of the uses described in subsections 3, 4, and 5 defining respectively commercial, apartment, and residential districts, except that any building or structure, or use of buildings and structures, not specifically mentioned in said three sections but directly comparable in character therewith shall be permitted. Garages for the repair of motor equipment and other buildings and uses of land of semi-industrial character may be permitted in a commercial district only upon a finding by the Board of Zoning Appeals, and after the introduction of supporting evidence, that such buildings or uses of land will not adversely affect the character or the use of said commercial district for commercial purposes.
"Section 10. Uses permitted in apartment districts. Be it further resolved, that in an apartment district no buildings or structures shall be erected or altered nor shall any buildings, structures, or lands be used except for one or major of the uses described in sections 4 and 5 defining respectively apartment and residential districts, except that any buildings and structures not specifically mentioned in said two sections but directly comparable in character therewith shall be permitted.
"Section 11. Uses permitted in residential districts. Be it further resolved, that in a residential district no building or structure shall be erected or altered, nor shall any building, structure, or lands be used except for one or more of the purposes listed in section 5 above defining residential districts."
Upon the hearing the trial judge continued in force a temporary restraining order granted when the petition was first presented, but *Page 438 
provided in his order as follows: "The other contentions of the plaintiff, namely, the restrictions contained in the deeds which formed the chain of title in the defendant, requiring that the property be used for residential purposes, is, in so far as being used for apartment houses, resolved adversely to the plaintiff." The plaintiffs in error except to the judgment continuing in force the temporary restraining order. The defendants in error by cross-bill except to the ruling made in the above-quoted portion of the judge's order.
1. We deal first with the restriction contained in the deed, which is as follows: "The above property is sold for residence purposes only, unless otherwise specified, and all buildings for residence purposes shall conform to the thirty-foot building line on the plat and shall be at least ten feet from the side line of any lot owned by others." This court, in Courtney v. Hunter, 159 Ga. 321 (125 S.E. 714), said: "The restriction `for residence purposes,' as contained in the deed involved in this case, does not prohibit the erection of apartment houses used exclusively for residence purposes." See also Hamm v. Wilson, 168 Ga. 670 (148 S.E. 593); 169 Ga. 570
(151 S.E. 11); and the notes in 18 A.L.R. 453, 54 A.L.R. 667, and 57 A.L.R. 245. We conclude that the restriction as contained in the deed now under consideration would not prohibit the erection of an apartment house to be used for residence purposes only.
2. The remaining question for consideration is whether or not the erection of an apartment house on the property involved would be in violation of the zoning regulations for Fulton County. The property here involved is outside any incorporated municipal limits. The Board of Commissioners of Roads and Revenues of Fulton County are authorized to zone property outside incorporated municipalities. Ga. L. Ex. Sess. 1937-38, p. 819. The law authorizing the creation of the Fulton County Planning Commission and the Board of Zoning Appeals will be found in Ga. L. 1939, p. 584. The acts of the General Assembly, supra, place the duty and authority to zone primarily upon the Board of Commissioners of Roads and Revenues of Fulton County. The Board of Zoning Appeals *Page 439 
is primarily what its name denotes, a board to hear appeals. The 1939 act sets out in detail the duties of the Board of Zoning Appeals, and provides as follows: "The Board of Zoning Appeals in its administration of said regulations may permit an exception to the regulations herein provided for and shall lay down rules and regulations for hearings on petitions for such exceptions to the said regulations, and grant or reject the same as in their judgment may seem best." This language in the act does not give to this board any authority to zone, but simply gives the board authority to permit exceptions or variances under such conditions or circumstances as the zoning authority, to wit, the Board of Commissioners of Roads and Revenues of Fulton County, may provide. The precise question with which we are confronted is whether or not the Board of Zoning Appeals has the authority to grant permission for the erection of an apartment house on property that has been zoned by the zoning authority for residence purposes only. The answer to this question requires an examination of the zoning ordinance appearing in the foregoing statement of facts. The ordinance divides the territory zoned into four districts: industrial, commercial, apartment, and residential. The uses of each district are then defined, and the status of property formerly zoned is preserved unless variances are granted by the Board of Zoning Appeals. The Board of Zoning Appeals is given authority to decide doubtful cases. The ordinance then provides: "Be it further resolved, that in a residential district no building or structure shall be erected or altered, nor shall any building, structure or lands be used except for one or more of the purposes listed in section 5 above defining residential districts." This language does not permit the erection of an apartment house in a residential district. It is argues that the Board of Zoning Appeals has the right to grant a variance and allow an apartment house to be built in a residential district. We do not think so. The zoning authority, in the zoning ordinance, saw fit to provide for an apartment district and a residential district, thereby showing a clear intention not to permit the erection of an apartment house in a residential district. As to all the districts except the residential district the ordinance provides for certain exceptions in general terms that may be made effective by the Board of Zoning Appeals, but when it deals with the residential district, it expressly says that there shall be no exceptions. We think that this *Page 440 
shows a clear intention on the part of the Board of Commissioners of Roads and Revenues to retain complete control of all zoning matters in so far as the residential district is concerned. We can well see why they would want to do this and thereby protect the homes of the citizens of the county from the hazard of undesirable encroachments.
Judgment affirmed on the main and cross-bills of exceptions.All the Justices concur.