WILLIAM M. BAKER et ux., appellees, v. SHANNON W. SMITH et ux., appellants.

No. 47826.

(Reported in 47 N.W.2d 810)

MAY 8, 1951.

Owen Cunningham and Vincent M. Hanrahan, both of Des Moines, for appellants.

Emmert, James, Needham & Lindgren, of Des Moines, for appellees.

OLIVER, J.—Plaintiffs own and occupy part of a lot in Gil-Mar Park, an addition to Des Moines. Defendants own adjacent lots in said addition. This is a high-class residential addition platted in 1910 and containing one hundred forty-seven lots, almost all of which are occupied by houses about thirty-five or forty years old but apparently in good condition. Each lot had been conveyed by the owners of the plat subject to uniform restrictions and covenants running with the land, as follows:

"FIRST: The said premises shall (if occupied) be used for residence purposes exclusively and for no other purpose whatever, unless three fourths of the owners of the property within a radius of three hundred feet of said lot or lots shall consent in writing that it be used for other legitimate purposes.

"SECOND: The front line of any residence or dwelling house, excluding porch, which shall at any time be erected on the [lots] hereby conveyed, shall be ninety feet from the street line on 42nd St., 55 feet on Harwood Drive and 50 ft. from Ingersoll Ave. of such lot and no barn or garage shall be built on said lot nearer than 160 feet from the street line on 42nd St. 90 ft. on Harwood Drive and 90 ft. on Ingersoll Ave. of said lots, and no trees or shrubbery shall be planted in parking.

THIRD: No residence or dwelling house shall be erected on said lot or lots hereby conveyed, at any time, costing less than $5,000 [$4,000], exclusive of other buildings and improvements on said lot or lots."

The remaining terms stipulate against illegal use, and pro-

vide for injunctive relief and enforcement, and that the restrictions shall be deemed covenants running with the land.

Defendants' lots are at the extreme southeast corner of the addition. Upon them are a large house and a private garage. The property is bordered by streets on three sides. One side of it faces south on Ingersoll Avenue which runs east and west, the opposite side faces Harwood Drive which runs southeast. The east end of the property faces Forty-second Street. Defendants secured this property in 1944 and have since lived in it. They propose to erect thereon an apartment building. Contending this would violate the restrictive covenants running with the land plaintiffs instituted this action for declaratory judgment and injunction. Defendants by cross-action sought to have the setback and other provisions in the restrictive covenants adjudicated to be no longer effective. Upon trial the court enjoined the erection of the apartment building and dismissed with prejudice defendants' counterclaim. Defendants have appealed.

I. Throughout their argument plaintiffs point out that the restrictions in this case were part of a general plan for the benefit of all the property in the plat (see 14 Am. Jur., Covenants, Conditions and Restrictions, section 202; 26 C. J. S., Deeds, section 167, page 548) as distinguished from what plaintiffs refer to as personal transaction cases in which the use of one or two lots is restricted for the benefit of one or several lots only. Plaintiffs assert these are two classes of cases, each of which is governed by different legal principles so that the restriction "for residence purposes exclusively" has one meaning in one class of cases and a different meaning in the other class. This contention is without merit. There is no valid reason for any such distinction and no decision called to our attention recognizes it. Anderson v. Henslee, 226 Ky. 465, 471, 11 S.W.2d 154, 157, quotes from Clark v. Martin, 49 Pa. 289, as follows:

"It is not because a plan is deranged that the court interferes, but because rights are invaded, or about to be; and this fact may exist in a plan of two lots, as well as in one of 200. The plan often furnishes the proof of the terms on which sales were made; but the fact of the alleged terms is as effective when proved by a single deed as when proved by a plan."

■ II. Over defendants' objections, plaintiffs offered expert testimony by several realtors that in Des Moines the meaning of the term "for residence purposes" in a restrictive covenant was and is "single family residences." In turn defendants offered evidence to the contrary. None of this evidence was admissible. The words are not technical, or ambiguous. They are and have been in common use throughout the country and should be taken in their ordinary meaning. Hutchinson v. Ulrich, 145 Ill. 336, 34 N.E. 556, 557, 21 L. R. A. 391; Johnson v. Jones, 244 Pa. 386, 90 A. 649, 650, 52 L. R. A., N. S., 325. Their construction is a matter of law for the court. Roberts v. Congregation Shaarey Zedek, 242 Mich. 381, 218 N.W. 662.

■ III. The trial court construed the restriction in the deeds "for residence purposes exclusively" to mean "for single family residence purposes exclusively." This construction was based in part upon the express terms and provisions of the restrictions in the deeds. We hold the language of the restrictions does not warrant this construction. Although this court has not determined the question, it is the weight of authority that restrictions built around the terms "residence" or "residential purposes", without more, merely limit the use of the property to living purposes as distinguished from business or commercial purposes and do not exclude apartment houses. Jernigan v. Capps, 187 Va. 73, 45 S.E.2d 886, 175 A. L. R. 1182; Virgin v. Garrett, 233 Ala. 34, 169 So. 711; Yorkway Apartments v. Dundalk Co., 180 Md. 647, 26 A.2d 398; Hamm v. Wilson, 169 Ga. 570, 151 S.E. 11, 12.

In the following decisions the restriction was for "residence purposes only": Hunt v. Held, 90 Ohio St. 280, 107 N.E. 765, L. R. A. 1915D 543, Ann. Cas. 1916C 1051; Lewenstein v. Brown, 200 Ga. 433, 37 S.E.2d 332, 335; Miller v. Ettinger, 235 Mich. 527, 209 N.W. 568; McMurtry v. Phillips Inv. Co., 103 Ky. 308, 45 S.W. 96, 40 L. R. A. 489. An annotation in 14 A. L. R.2d 1376, 1403, states courts have consistently followed the foregoing rule and cites many decisions. See also 14 Am. Jur., Covenants, Conditions and Restrictions, section 245; annotation 175 A. L. R. 1191, 1199.

Plaintiffs contend the reference to "residence or dwelling house" in the Second and Third restrictions supports the con-

struction announced by the trial court. This contention assumes the two words, separated by the disjunctive "or" are used synonymously. We need not determine whether the assumption is correct. In 14 A. L. R.2d 1381 and 1384, the author of the annotation states, with the exception of Michigan, the courts have generally held a simple restriction to a "dwelling" or "dwelling house" does not bar the erection or use of an apartment house. Among authorities cited (14 A. L. R.2d 1384) are: Reformed Protestant Dutch Church v. Madison Ave. Bldg. Co., 214 N. Y. 268, 108 N.E. 444, L. R. A. 1914F 651; De Laney v. Van Ness, 193 N. C. 721, 138 S.E. 28, 57 A. L. R. 238; Johnson v. Jones, 244 Pa. 386, 90 A. 649, 52 L. R. A., N. S., 325. In Hutchinson v. Ulrich, 145 Ill. 336, 34 N.E. 556, 21 L. R. A. 391, the language "only a single dwelling" was held not to bar an apartment house.

Plaintiffs point to the use of the word "porch" in the Second restriction. They assert a porch is an appurtenance common to single family residences only and contend its use here indicates apartment houses are excluded. It is a sufficient answer that the sketch of the proposed apartment building, placed in evidence by plaintiffs, shows a number of porches. Plaintiffs assert also the minimum-cost provision in the Third restriction indicates an intent to restrict to single family residences. The majority rule is to the contrary. See annotation in 14 A. L. R.2d 1431.

IV. The other ground for the holding of the trial court that "for residence purposes exclusively" means "for single family residence purposes exclusively" was the "acts and conduct of the parties thereto by their unanimous action in constructing single family dwellings, and maintaining a single family residence district in Gil-Mar Park * * *." We do not believe such conduct and acts furnish a sufficient basis for this holding.

In Miller v. Ettinger, 235 Mich. 527, 528, 209 N.W. 568, deeds to all lots in a subdivision provided lots " 'shall be used solely for residence purposes.' " The lot owners adopted the general plan of building single residences on their lots. Thereafter the court refused to enjoin the construction of an apartment house, holding the restriction in the deeds did not forbid it and that defendant was bound only by those specific restrictions and not by the general plan acted upon by those who had built homes in the subdivision. The court quoted with approval

from Casterton v. Plotkin, 188 Mich. 333, 339, 154 N.W. 151, 153: "No court has gone so far as to intimate a rule that the mere building of single dwellings * * * by others in a block is notice to the owner of a lot only restricted to residential purposes that he must do likewise or protest in order to protect his rights."

In Turk v. Wood, 202 Okla. 112, 114, 210 P.2d 662, 665, the restrictions prohibited any business of merchandising or manufacturing. Plaintiffs did not contend defendants' business came within this definition but asserted the addition was intended to be a purely residential district and it was part of a general plan that the conducting of any business therein would violate the restrictions. The court held the language of the restriction was plain and unambiguous and the parties would be confined to the meaning of the language employed. It quoted a statement in 26 C. J. S., Deeds, section 163, pages 517, 518, that a restriction will not "be enlarged or extended by construction or implication beyond the clear meaning of its terms, even to accomplish what it may be thought the parties would have desired had a situation which later developed been foreseen by them at the time when the restriction was written."

See also Roberts v. Congregation Shaarey Zedek, 242 Mich. 381, 218 N.W. 662; Johnson v. Kircher Co., 327 Mich. 377, 42 N.W.2d 117, 118.

V. By counterclaim defendants sought an adjudication the building lines or set-back provisions and other restrictions had expired through the passage of time and changes in the circumstances. The trial court denied this relief. We hold this part of the judgment was correct. The restrictive covenants made no reference to time limitations; there was no evidence of any violations of the set-back provisions, and violations, if any, of other restrictions have been too slight to establish abandonment or waiver of the right to enforce them. Johnson v. Robertson, 156 Iowa 64, 135 N.W. 585. The character of the use of the lots and buildings in Gil-Mar Park has undergone no substantial change. It is true the use of other property fronting on Ingersoll Avenue east and west of Gil-Mar Park and across the avenue therefrom has been and is undergoing changes. However, there is not such a change in the situation as would justify the in-

validation of or the refusal to enforce any of the restrictive covenants in the deed. Burgess v. Magarian, 214 Iowa 694, 699, 243 N.W. 356.

That part of the judgment which dismisses defendants' counterclaim is affirmed; that part which holds the provisions in the deeds restrict the use of the property to single family residence purposes only and which enjoins the construction of the residence apartment building is reversed.

Plaintiffs' motion to dismiss the appeal is overruled. The costs upon appeal are taxed two thirds to plaintiffs and one third to defendants.—Reversed in part and affirmed in part.

All JUSTICES concur.